IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

DANIEL CONTRERAS RAMIREZ,

    Petitioner,

v.

GREGORY C. DOZIER,

    Respondent.

CIVIL ACTION NO.: 5:16-cv-111

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Daniel Contreras Ramirez ("Ramirez"), who is currently housed at Coffee Correctional Facility in Nicholls, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Respondent filed a Motion to Dismiss contending that this Court does not have jurisdiction to hear Ramirez's claims. (Doc. 17.) For the reasons which follow, I **RECOMMEND** that the Court **GRANT** Respondent's Motion, **DISMISS** Ramirez's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case, and **DENY** Ramirez *in forma pauperis* status on appeal.

## **BACKGROUND**

Ramirez was indicted in the Superior Court of Forsyth County, Georgia of two counts of rape, one count of aggravated sexual battery, and two counts of child molestation. (Doc. 18-1, pp. 2-4.) Pursuant to a negotiated plea agreement, he pleaded guilty to one count of rape and the State dismissed the other counts against him. (Id. at pp. 7–9.) On October 3, 2013, the Superior Court sentenced him to life with the first twenty-five years to be served in confinement and the

remainder to be served on probation. (Id.) He is currently serving this state sentence at Coffee Correctional Facility.

Ramirez brought this action against the United States of America and others. Ramirez seeks to have the Court compel the Department of Homeland Security ("DHS") and the Department of Immigration Services to commence proceedings to have him deported to Mexico, his home country. (Doc. 1.) Ramirez contends that he is an illegal alien that has been convicted of an aggravated felony and that he is, therefore, deportable. (Id.) The Court originally served Ramirez's Petition on the federal entities he named as respondents. However, because Ramirez brought this action as a habeas corpus Petition, the Court later vacated that order and ordered that the Petition be served upon the Commissioner of the Georgia Department of Corrections. (Doc. 12, pp. 2–3 (explaining that the only proper respondent in a habeas action is the officer having custody of the petitioner and that the Commissioner is the state officer in charge of Georgia's penal institutions, including Coffee Correctional Facility, a privately-run contract facility).)

Respondent Commissioner then filed a Motion to Dismiss contending that the Court has no jurisdiction to entertain Ramirez's request for a deportation proceeding. (Doc. 17.) In his Response to that Motion, Ramirez contends that the Commissioner is not the proper respondent to his Petition. (Doc. 19.) Ramirez reiterates his claim that he is subject to deportation under the Immigration and Nationality Act. (Id.) Ramirez explains that DHS has served him with a Notice of Intent to Issue a Final Administrative Removal Order which he attaches to his Response. (Doc. 19-1, pp. 1–2.)

**DISCUSSION**

**I. Whether this Court has Jurisdiction to Hear Ramirez's Request**

This Court, like all district courts of the United States, is a Court of "limited jurisdiction." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). It possesses only that power authorized by the Constitution and by Congress. Id. Moreover, Plaintiff bears the burden of establishing that his claims fall within this Court's subject matter jurisdiction. Kokkonen, 511 U.S. at 377 (because federal courts are courts of limited jurisdiction "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]").

Ramirez has provided no jurisdictional basis upon which this Court can entertain his Petition. He originally indicated that he brought this case as a habeas petition. However, habeas actions, explicitly or by necessary implication, challenge a prisoner's conviction or the sentence imposed on him by a court (or under the administrative system implementing the judgment). Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Thus, for example, when a prisoner makes a claim that, if successful, could shorten or invalidate his term of imprisonment, the claim must be brought as a habeas petition. See, e.g., Edwards v. Balisok, 520 U.S. 641 (1997); Heck v. Humphrey, 512 U.S. 477 (1994). Ramirez explicitly admits that he is not attacking his conviction or sentence.

Moreover, the only proper Respondent to a habeas petition is the officer having custody of Ramirez, and Ramirez remains in the custody of state officials at Coffee Correctional Facility due to his state convictions. Ramirez admits that the state officer having custody of him does not

have the ability to afford him the relief he requests, a deportation proceeding.[1] Thus, his claims are not cognizable under Section 2241 or 2255. See Orozco, 911 F.2d at 541 (because petitioner is not in custody of federal immigration officers, he cannot procced under Section 2241).

Ramirez also frequently cites the Immigration and Nationality Act in his pleadings. However, the Eleventh Circuit has held that the Immigration and Nationality Act does not provide an incarcerated alien with a cause of action to compel the federal government to commence deportation proceedings. Orozco, 911 F.2d at 541 ("To the extent that [petitioner's] statements . . . could be construed as seeking a private right of action under section 1252(i) to require the Attorney General to begin deportation proceedings, this court concurs in the conclusion by the Eighth Circuit in Gonzalez v. United States Immigration & Naturalization Service, 867 F.2d 1108, 1109-10 (8th Cir.1989), that an incarcerated alien has no private right of action under section 1252(i)."). Moreover, as another court explained:

> Although 8 U.S.C. § 1231(a)(4)(B) authorizes the Attorney General to remove an alien in accordance with applicable procedures prior to the alien completing his sentence of imprisonment, it does not impose any obligation to do so. See 8 U.S.C. § 1231(a)(4)(B). As specifically stated in 8 U.S.C. § 1228, "[n]othing in this section shall be construed as requiring the Attorney General to effect the removal of any alien sentenced to actual incarceration, before release from the penitentiary or correctional institution where such alien is confined."

Gonzalez-Hernandez v. Holder, No. 3:12-CV-318 JCH, 2012 WL 1900029, at *1 (D. Conn. May 24, 2012).[2] See also Roberts v. INS, 372 F. App'x 921 (11th Cir. 2010) (alien could not compel

---

[1] To the extent Ramirez contends that DHS or another federal agency has custody of him, that claim is unavailing. While DHS did file a Notice of Intent to Issue a Final Removal Order, that Notice did not cause Ramirez to come into its custody. Orozco v. U.S. INS., 911 F.2d 539, 541 (11th Cir. 1990) ("The filing of the detainer, standing alone, did not cause [the petitioner] to come within the custody of the INS.") (superseded by statute on other grounds as explained by Themeus v. U.S. Dep't of Justice, 643 F. App'x 830, 832 (11th Cir. 2016)). Ramirez is in the custody of the State of Georgia pursuant to the Superior Court of Forsyth County's sentence of life with twenty-five years to serve for his rape conviction.

DHS, through petition for writ of habeas corpus, to provide immediate disposition of deportation proceedings upon filing of detainer with penal facility where she had been incarcerated).

For all of these reasons, this Court does not have jurisdiction to grant Ramirez the relief he seeks. Thus, the Court should **DISMISS** his Petition.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Ramirez leave to appeal *in forma pauperis*. Though Ramirez has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

---

[2] Ramirez is also incorrect when arguing that he is somehow automatically entitled to deportation prior to the service of his state sentence. Typically, when an order of removal becomes final, the Attorney General has ninety days to effect removal. 8 U.S.C. § 1231(a)(1)(A). However, because Ramirez is in state custody (and not under an immigration process), his removal period does not begin to run until "the date the alien is released from detention or confinement." 8 U.S.C. § 1231(a)(1)(A)(iii).

5

Given the above analysis of Ramirez's Petition and Respondent's Response, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **DISMISS** Ramirez's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, (doc. 1), and **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** Ramirez leave to proceed *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Ramirez and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 19th day of September, 2017.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA